UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ACCRUENT, LLC, | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:17-CV-858-RP |
| | § | |
| JIM SHORT, | § | |
| | § | |
| Defendant/Counter-Plaintiff. | § | |

## DEFENDANT'S ORIGINAL COUNTERCLAIMS

TO THE HONORABLE ROBERT PITMAN:

Pursuant to FED. R. CIV. P. 13, Defendant Jim Short ("Short") files his *Original Counterclaims* against Accruent LLC ("Accruent") and would respectfully show the Court the following:

### I.
### COUNTERCLAIMS

**A. NATURE OF ACTION:**

1. Accruent instigated the present lawsuit against Short, seeking to enjoin him—an employee it inherited as part of a company acquisition in August 2017—from having *any* involvement in an industry he has worked in for nearly 22 years.

2. Accruent instigated this lawsuit even though it does not allege that Short is soliciting its employees, soliciting or performing services for its customers/prospective customers, or misappropriating its confidential and proprietary information—nor can it (because he is not)

3. On September 14, 2017, following an evidentiary hearing, the Court denied Accruent's Application for a Temporary Restraining Order.[1]

4. Nonetheless, Accruent remains intent on seeking to enjoin Short from working for *any* competitor of Accruent, *anywhere in the world*, regardless of his job duties, based upon a global—and grossly overbroad—non-compete agreement that Short was required to execute with Lucernex, *i.e.*, a company that Accruent acquired in August 2017.

5. In doing so, Accruent has sought to enforce restrictive covenants covenant that it (and Lucernex) knows are overly broad, and has sought to enforce these restrictive covenants using a greater restraint than is necessary to protect its purported goodwill and other business interests.

6. Worse, Accruent has come to this Court seeking to enjoin Short from working for any competitor of Accruent, even though Accruent has refused to pay Short all outstanding commissions owed, *i.e.*, $13,140.72.

## B. PARTIES:

7. Counter-Plaintiff Short is a resident of the State of Washington and has already entered an appearance in this lawsuit.

8. Counter-Defendant Accruent is purportedly a Delaware limited liability company with its principal place of business in Austin, Texas. Accruent has already entered an appearance in this lawsuit.

## C. JURISDICTION AND VENUE:

9. Short has denied that this Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a)(1).[2] However, to the extent this Court finds it does have jurisdiction over the claims asserted by Accruent, the Court has supplemental jurisdiction over Short's counterclaims

---

[1] *See* Minute Entry (Dkt. 25).
[2] *See supra* Section II.A.

pursuant to 28 U.S.C. § 1367(a) because the counterclaims are related to, and form part of the same case or controversy as Accruent's claims against Short.

10. Venue is proper in this judicial district under 28 U.S.C. § 1391(c) because Accruent transacts business and is found here.

### D. FACTUAL BACKGROUND:

11. In March 2010, Lucernex extended Short an offer of employment, which was conditioned upon, *inter alia*, a <u>six-month</u> post-employment non-compete.

12. Short accepted this offer and began employment with Lucernex on or about April 10, 2010.

13. On or about the time that Short accepted Lucernex's offer of employment, he executed the *Propriety Information and Inventions Agreement* (the "*Employment Agreement*") with Lucernex, which discretely sought to impose a significantly longer post-employment non-compete (*i.e.*, two years).

14. The *Employment Agreement* was the only written document executed between Short and Lucernex that contained restrictive covenants.

15. At the time that Lucernex compelled Short to sign the *Employment Agreement*, it was aware that the scope, geographic area, and duration of the restrictive covenants contained in the *Employment Agreement* were unreasonable and broader than was necessary to protect its goodwill and other businesses interests, if any.

16. As memorialized in the *Employment Agreement*, the terms of the agreement were conditioned upon, *inter alia*, Lucernex's promise to pay Short compensation as an employee, *i.e.*, compensation was a core consideration promised by Lucernex.

17. As an employee of Lucernex, Short was compensated through, *inter alia*, a base salary and commissions.

18. Commissions were to be paid to Short based upon the annual commission plans that were presented to, and accepted by Short. Specifically:

   a. In early 2014, Short was presented with, and accepted the *2014 Lucernex Sales Commission Plan*, wherein Short was to be paid specific percentage amounts in commission in exchange for sales in 2014 and for meeting the 2014 yearly sales quota.

   b. In early 2015, Short was presented with, and accepted the *2015 Lucernex Sales Commission Plan*, wherein Short was to be paid specific percentage amounts in commission in exchange for sales in 2015 and for meeting the 2015 yearly sales quota.

   c. In early 2016, Short was presented with, and accepted *the 2016 Lucernex Sales Commission Plan*, wherein Short was to be paid specific percentage amounts in commission in exchange for sales in 2016 and for meeting the 2016 yearly sales quota.

   d. In early 2017, Short was presented with, and accepted the *2017 Lucernex Sales Commission Plan*, wherein Short was to be paid specific percentage amounts in commission in exchange for sales in 2017 and for meeting the 2017 yearly sales quota.

19. Nonetheless, Lucernex (which has since been acquired by Accruent) has failed to pay Short all commissions owed pursuant to the commission agreements that were in place between 2014 and 2017.

20. On multiple occasions, Short contacted Lucernex regarding unpaid commissions he was owed.

21. For example, on June 10, 2017, Short contacted Robert Abdul, Lucernex's then Chief Operating Officer and interim Chief Executive Officer, regarding the details of commission he had not received or in which he had not received supporting documentation of payment for the 2014 through 2016 calendar years.

22. Similarly, on June 30, 2017, Short contacted Michael Kowaski, Lucernex's then Vice President of Sales, regarding the details of commission he had not received or in which he had not received supporting documentation of payment of commissions from 2014 through present.

23. On or about August 8, 2017, Accruent acquired Lucernex, including Lucernex's debts and obligations to employees.

24. As part of this acquisition, Short was told that he would became an employee of Accruent, effective August 8, 2017.

25. Following this acquisition, Short again followed up with Accruent regarding his unpaid commissions. Nonetheless, Accruent has failed to pay Short all commissions owed. To date, the unpaid commissions owed to Short amount to $13,140.72.[3]

26. In addition, soon after Accruent acquired Lucernex, it presented Short with a new non-compete agreement—*i.e.*, the *Confidentiality, Invention Assignment, Non-Solicit, Non-Compete and Arbitration Agreement* (the "*New Employment Agreement*")—that it wanted Short to sign, which would have replaced the *Employment Agreement*.

---

[3] This figure is different from the amount represented in Paragraph 17 of the *Declaration of Jim Short* (Dkt. 16-1) and *Defendant's Response in Opposition to Plaintiff's Application for Temporary and Restraining Order and Preliminary Injunction* (Dkt. 16) because Accruent has since produced documentation of several commissions in which Short previously had no proof of payment. In addition, this amount is subject to change as discovery proceeds in this lawsuit.

27. Short refused to sign the *New Employment Agreement* and instead submitted his notice of resignation on or about August 16, 2017.

28. On August 19, 2017, Short accepted a position with Tango Management Consulting, LLC ("Tango").

29. Short continued to work for Accruent until Friday, August 31, 2017—more than two weeks after providing his notice—in order to ensure a smooth transition for the company.

30. On September 1, 2017, Short began employment with Tango.

31. On September 5, 2017, Accruent filed the present lawsuit against Short, seeking to enjoin Short from working for *any* competitor of Accurent, <u>*anywhere* in the word</u>, regardless of his job duties, based upon the global restrictive covenant contained in the *Employment Agreement*.

32. In doing so, Accruent has sought—and continues to seek—to enforce a covenant that it knows is overly broad, and has sought—and continues to seek—to enforce said covenant using a greater restraint than is necessary to protect its goodwill and other business interests.

E. **CLAIMS AND CAUSES OF ACTION:**

### Count 1: Breach of Contract

33. The preceding paragraphs in Section III above are incorporated herein as if repeated verbatim.

34. During Short's employment with Accruent/Lucernex, Short earned commissions pursuant to the agreements referenced above.

35. Accruent (which has acquired Lucernex) owes Short commissions that have not been paid—*i.e.*, $13,140.72—based on sales achieved during his employment pursuant to the written compensation agreements of the parties.

36. In failing to pay Short commissions owed, Accruent breached the agreements herein referenced, and Short seeks the full compensation owed— *i.e.*, $13,140.72—under a breach of contract theory of recovery

### Count 2: Quantum Meruit

37. The preceding paragraphs in Section III above are incorporated herein as if repeated verbatim.

38. Short furnished valuable services to Accruent and Lucernex (which has been acquired by Accruent) through the performance of his job duties.

39. Accruent and Lucernex (which has been acquired by Accruent) accepted and used the valuable services of Short, including but not limited to sales revenues as a result of Short's performance of his job duties.

40. From the inception of Short's employment with Lucernex (and later with Accruent), he made it clear that he expected to receive commissions as agreed by the parties for the performance of his job duties.

41. Yet, Short has not received all commissions earned for the performance of his job duties.

42. Accruent's failure to pay Short commissions pursuant to the terms of the commission agreements with Short have caused Short significant monetary losses and will continue to cause him monetary losses into the future.

### Count 3: Willful Prosecution of Unlawful Restrictive Covenants[4]

43. The preceding paragraphs in Section III above are incorporated herein as if repeated verbatim.

---

[4] To the extent this theory of recovery is construed by the Court as an affirmative claim for relief, it is plead as an independent cause of action.

44. TEX. BUS. & COM. CODE ANN. § 15.51(c) expressly allows an award of attorney fees to a prevailing defendant when the plaintiff (1) knew the restrictive covenant(s) contained unreasonable restrictions at the time it was executed; and (2) nonetheless sought to enforce the covenant(s) to a greater extent than was necessary to protect its goodwill or other business interest. *Sentinel Integrity Solutions, Inc. v. Mistras Group, Inc.*, 414 S.W.3d 911, 924 (Tex. App.—Houston [1st Dist.] 2013, pet. denied).

45. At the time that Lucernex (which has been acquired by Accruent) compelled Short to execute the *Employment Agreement*, it knew that the scope, geographic area and duration of the restrictive covenants were unreasonable and broader than was necessary to protect its purported goodwill or other business interests, if any.

46. Furthermore, Accruent has sought to enforce the restrictive covenants to a greater extent that is necessary to protect its purported goodwill or other business interests, if any.

47. Therefore, Short is entitled to recover his costs, including his reasonable attorneys' fees, incurred in defending this action pursuant to the ACT. *See* TEX. BUS. & COM. CODE ANN. § 15.51

## PRAYER

Wherefore, premises considered, Short requests judgment of the Court as follows:

(1) Short recover all unpaid commissions owed, *i.e.*, $13,140.72;

(2) Short recover his costs herein expended, including his reasonable and necessary attorneys' fees under TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 and TEX. BUS. & COM. CODE ANN. § 15.51; and

(3) Short recover such other and further relief, at law or in equity, to which he may be justly entitled.

Respectfully submitted,

**GRUBER HAIL JOHANSEN SHANK LLP**

By: */s/ Mark A. Shank*
    **David F. Wishnew**, *Attorney-In-Charge*
    Texas State Bar No. 24052039
    dwishnew@ghtrial.com
    **Mark A. Shank**
    Texas State Bar No. 18090800
    mshank@ghtrial.com
    **Jason T. Weber**
    Texas State Bar No. 24075251
    jweber@ghtrial.com

1445 Ross Avenue, Suite 2500
Dallas, Texas 75202
Telephone: (214) 855-6800
Facsimile: (214) 855-6808

*Attorneys for Defendant Jim Short*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b)(3) and Local Rule CV-5(b), I hereby certify a true and correct copy of the foregoing document was electronically filed on this 19th day of October, 2017. Parties may access this filing through the Court's system. Notice of this filing will be sent by operation of the Court's electronic filing system to counsel for Plaintiff:

    **Christina E. Ponig**
    christina.ponig@dlapiper.com
    **Allissa A.R. Pollard**
    allissa.pollard@dlapiper.com
    DLA PIPER LLP (US)
    1000 Louisiana Street, Suite 2800
    Houston, Texas 77002

    **John M. Guaragna**
    john.guaragna@dlapiper.com
    DLA PIPER LLP (US)
    401 Congress Avenue, Suite 2500
    Austin, Texas 78701

*/s/ Mark A. Shank*
Mark A. Shank
